MR. JUSTICE WEBER
concurs and dissents.
I agree with the holding of the majority that in its present form the school district’s policy unnecessarily infringes on the First Amendment liberties of the appellant and the class he represents and is therefore unconstitutional. I am also in agreement with the general principles of law set forth in the majority opinion upon which the conclusion was reached.
However, I disagree with the majority’s conclusion that the policy prohibiting solicitation is not premised on any actual instances in which solicitation activities have substantially disrupted or threatened to substantially disrupt normal school activities. Paragraph 21 of the facts stipulated to by all parties states in pertinent part:
“21. Exercising the right to vote does not require conversation, except for purposes of confirming registration and signing the precinct register. The solicitation of petition signatures requires conversation between solicitors and solicitees, to explain the proposal, request signatures, and discuss the issues. The process of collecting signatures includes not only the request to sign, but also the attempt to persuade to sign. In fact, arguments between voters and solicitors have occurred, sometimes precipitated by voters and sometimes precipitated by solicitors. Noise in the hallways distracts the students, impairs their concentration, lowers their level of functioning, and affects classroom discipline and teaching effectiveness. Under present School District policy, the noise and arguments occur outside school buildings. If solicitation were permitted inside school buildings, any such arguments would occur inside.” (Emphasis added)
These stipulated facts establish something significantly greater than an “undifferentiated fear of disruption.” In view of these stipulated and agreed facts, it is reasonable to *152 conclude that the school district properly could apply its policies to those periods of time when classes are in session and students would be adversely affected. I would therefore approve such a policy which is properly limited in time and place in order to protect undisrupted school functioning. Such a limited or restricted policy would clearly meet the test of Grayned, in which the United States Supreme Court approved an anti-noise ordinance directed at the “making of any noise or diversion which disturbs or tends to disturb the peace or good order of such school session or class thereof .. .” Sufficient facts have been established in this case to warrant a policy of the type adopted by the school board. Simply stated, the present policy is too broad.
My purpose is to emphasize that a policy of this type may be adopted if it is properly limited in the manner described in the majority opinion.